**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEITH E. SONDERLING,** Acting Secretary of Labor, United States Department of Labor, | ) ) | |
| | ) | Case No. 1:24-cv-03609 |
| Plaintiff, | ) ) | |
| | ) | District Judge Robert W. Gettleman |
| v. | ) ) | |
| **APEX MANAGEMENT GROUP I, INC.** and **JEFFREY BEMORAS**, | ) ) ) | |
| Defendants. | ) ) ) | |

**CONSENT ORDER AND JUDGMENT**

Plaintiff Keith E. Sonderling, Acting Secretary of Labor, United States Department of

Labor ("Acting Secretary"), pursuant to the provisions of the Employee Retirement Income

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*., filed a complaint

against defendants Apex Management Group I, Inc. ("Apex") and Jeffrey Bemoras ("Bemoras")

(collectively, "Defendants"), alleging breaches of their fiduciary responsibilities under ERISA

§ 404(a)(1)(A) and 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(A), 1104(a)(1)(D), and prohibited

transactions under ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), with respect to a multiple

employer welfare arrangement ("MEWA") consisting of ERISA-covered employee welfare

benefit plans ("Participating Plans").

Defendants Apex and Bemoras, having waived service of process, having answered

Counts I-II of the Complaint, and having moved to dismiss Count III of the Complaint, admit to

the jurisdiction of this Court over the subject matter of this action.

The Acting Secretary and Defendants (collectively, "parties") have agreed to resolve all matters in controversy in this action between them and consent to entry of this Consent Order and Judgment by this Court.

Upon consideration of the record herein, and as agreed by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED, ADJUDICATED, AND DECREED that:

1. The Court has jurisdiction over the parties to this Consent Order and Judgment and subject matter of this action and is empowered to provide the relief herein.

2. As of the entry of this Consent Order and Judgment, William Kropkof ("Independent Fiduciary") is hereby appointed as the Independent Fiduciary to administer and ensure compliance with this Consent Order and Judgment in accordance with the authority and responsibilities described herein. Within five days of entry of this Consent Order and Judgment, the Independent Fiduciary shall provide payment instructions to Defendants in order for Defendants to remit payment in accordance with the terms below.

<u>MONETARY RELIEF</u>

3. Defendants shall restore the total amount of $1,300,000 ("Recovery Amount"). Each Defendant is jointly and severally liable for the Recovery Amount. The Defendants shall remit the Recovery Amount to the Independent Fiduciary as follows: 50% will be paid within 10 days of entry of this Consent Order and Judgment; 25% will be paid within 120 days of entry of this Consent Order and Judgment, and the remaining 25% will be paid within 180 days of entry of this Consent Order and Judgment.[1] Defendants shall remit the Recovery Amount to the

---

[1] Defendants' installment restoration payments pursuant to this Consent Order and Judgment may constitute prohibited transactions within the meaning of ERISA § 406, 29 U.S.C. § 1106, because they are an extension of credit. Pursuant to Prohibited Transaction Class Exemption 79-15, such restoration payments are exempt because

Independent Fiduciary to be used for the benefit of the harmed Participating Plans and their participants in accordance with the Independent Fiduciary's responsibilities described herein.

4.      Defendants acknowledge that their current and former third-party administrators ("TPAs") are holding funds on behalf of terminated Participating Plans (the "Terminated Account Amounts"). Within 30 days of entry of this Consent Order and Judgment, Defendants shall direct the TPAs to remit the Terminated Account Amounts to the Independent Fiduciary for the benefit of certain Participating Plans. The Independent Fiduciary shall receive the Terminated Account Amounts, and shall handle them in accordance with the terms of this Consent Order and Judgment, but shall have no obligation to require or verify that the TPAs have fully and accurately accounted for and remitted the Terminated Account Amounts.

5.      Together, the Recovery Amount and the Terminated Account Amounts are the "Settlement Amount."

6.      Defendants acknowledge they are responsible for, and represent they are capable of, paying up to an additional $445,000, pursuant to Paragraph 7. The total amount determined to be due pursuant to Paragraph 7 is the "Contingent Recovery Amount."

7.      Pursuant to its responsibilities and authority in Paragraphs 16 through 27, the Independent Fiduciary shall determine the total losses due to (i) Participating Plans, (ii) plan sponsors of terminated Participating Plans, and (iii) participants and former participants of terminated Participating Plans (collectively, the "Settlement Beneficiaries"); and exercise reasonable care and diligence to identify each Settlement Beneficiary ("Identified Settlement Beneficiaries"). If the Independent Fiduciary determines, in good faith, that the Settlement Amount is insufficient to restore the total losses due to the Identified Settlement Beneficiaries,

---

they are authorized by the Court and specifically described in this Consent Order and Judgment, and the Secretary of Labor is a party to this litigation.

the Independent Fiduciary shall notify the parties of the total losses due to the Identified

Settlement Beneficiaries, provide the parties an accounting showing the total losses due, and

make a demand for the Contingent Recovery Amount.  The Independent Fiduciary may not

demand payment for a Contingent Recovery Amount before one year after entry of this Consent

Order and Judgment.  If the Independent Fiduciary makes a demand for a Contingent Recovery

Amount, Defendants shall remit the Contingent Recovery Amount to the Independent Fiduciary

within 30 days. In no case will the Contingent Recovery Amount exceed \$445,000.

8.      Upon restoring the Recovery Amount, the Acting Secretary shall assess on

Defendants a penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), of \$260,000. The Acting

Secretary agrees to reduce the amount of penalty to \$130,000. Therefore, the Acting Secretary

agrees to accept, as full satisfaction of the assessed penalty for the Recovery Amount, the

amount of \$130,000. Defendants waive their full rights to a separate notice of assessment of the

penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), the service requirement of 29 C.F.R.

§ 2570.83, and their right to seek any further reductions of or relief from the penalty under

ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). Within 30 days of the full payment of the Recovery

Amount, Defendants shall pay the 502(*l*) penalty of \$130,000 by ACH transfer, PayPal, or debit

card at [www.pay.gov/public/form/start/1063197296](www.pay.gov/public/form/start/1063197296).

9.      If Defendants are required to remit any portion of the Contingent Recovery

Amount pursuant to Paragraphs 6 and 7, then the Acting Secretary shall assess on Defendants an

additional penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). The amount of this penalty

will be 10% of the Contingent Recovery Amount, as that amount is determined pursuant to

Paragraphs 6 and 7, and the Acting Secretary agrees to this reduction. Therefore, the Acting

Secretary agrees to accept, as full satisfaction of the assessed penalty for all amounts remitted

4

pursuant to Paragraphs 6 and 7, 10 percent of the amount remitted. Defendants waive their full rights to a separate notice of assessment of the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), the service requirement of 29 C.F.R. § 2570.83, and their right to seek any further reductions of or relief from the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). Within 30 days of the remittance of any portion of the Contingent Recovery Amount, Defendants shall pay the 502(*l*) penalty described in this paragraph by ACH transfer, PayPal, or debit card at www.pay.gov/public/form/start/1063197296.

NON-MONETARY RELIEF

10.     Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

11.     Defendants are permanently enjoined and restrained from serving as fiduciaries to any ERISA-covered plan. Without limitation, this injunction shall prohibit Defendants from:

a.     Exercising any discretionary authority or discretionary control respecting management of any ERISA-covered plan.

b.     Exercising any authority or control respecting management or disposition of the assets of any ERISA-covered plan.

c.     Having (whether or not exercised) any discretionary authority or discretionary responsibility in the administration of any ERISA-covered plan, or representing in any agreement or communication that they have any such discretionary authority or discretionary responsibility.

d.     Operating or administering any multiple employer welfare arrangement.

12.      Defendants are permanently enjoined and restrained from acting as service providers to any ERISA-covered plan and receiving any fees, or arranging for any other third

5

Docusign Envelope ID: 56EB91CF-B761-8D57-83B8-F422582BD1D8

party to receive any fees, from such ERISA-covered plans, unless at the time of any employer's adoption of a Participating Plan and/or the employer's renewal of such adoption, Apex's fees, the fees Apex has arranged for any third party to receive, and the total amount of administrative fees for the Participating Plan are fully disclosed in writing pursuant to Paragraph 15, both in the initial adoption agreement and subsequent agreements, and Participating Plan documents and adoption agreements state that the Participating Plans are self-funded plans that are responsible for payment of all claims. During the term of this Consent Order and Judgment, Defendants shall electronically provide to the Independent Fiduciary a copy of each disclosure required by this paragraph within 30 days of making such disclosure.

13. This injunction does not prohibit Defendants from performing quality control and management functions or maintaining health plan products and network design and integrity, provided that such activities do not involve the exercise of authority or control over individual ERISA-covered plans or plan assets and are not paid for by ERISA-covered plans.

14. Bemoras is permanently enjoined and restrained from personally serving as an owner or officer of any entity that sells ERISA-covered healthcare plans to employers or serves as a fiduciary or service provider to any ERISA-covered plan, unless such entity complies with the requirements of Paragraph 12. This injunction does not prohibit Bemoras from being an owner, shareholder, principal, partner or officer of a company, that is not a Professional Employer Organization, that maintains ERISA-qualified health or retirement plans for its own employees or company, so long as Bemoras does not act as an ERISA fiduciary or service provider to an ERISA-covered plan in any of those positions.

15. Defendants have provided the Acting Secretary with a template disclosure to be provided to ERISA plan sponsors containing the information required by Paragraph 12. The

6

template disclosure discloses the amount of fees paid to Apex, the amount of fees paid to each third party or service provider that Apex has arranged or contracted to receive fees and/or provide services to the plan, and the total amount of fees paid to all service providers and brokers; all amounts from contributions that were remitted to a claims funding account that month; and a running balance of the claims funding account. Defendants represent that disclosures will be made to plan sponsors/plan fiduciaries that will not differ substantively from the template disclosure provided to the Acting Secretary, and the Acting Secretary has expressly relied upon that representation in agreeing to this Consent Order and Judgment. No later than 60 days after entry of this Consent Order and Judgment, Defendants shall require any and all third-party administrators responsible for invoicing plan sponsors to incorporate the disclosure into their invoicing and billing processes for each ERISA-covered plan and provide it to plan sponsors or plan fiduciaries on an ongoing monthly basis. These disclosures shall be kept updated to reflect accurate and current information at all times consistent with 29 U.S.C. § 1108(b)(2) and all regulations promulgated thereunder, including 29 C.F.R. § 2550.408b-2, and all future amendments thereto.

16. The Independent Fiduciary's duties and responsibilities are limited to those expressly stated in this Consent Order and Judgment.

17. The Independent Fiduciary shall have responsibility and authority to determine the portion of the Settlement Amount and potential Contingent Recovery Amount allocable to each Participating Plan, plan sponsor, and/or participant, in accordance with ERISA and the Participating Plans' governing documents. In determining such allocations, the Independent Fiduciary shall account for any payments or refunds already made by Regional Care, Inc. to sponsors of Participating Plans sent in November and/or December of 2025. The Independent

Fiduciary shall use reasonable best efforts to identify any such payments or refunds, including by requesting information from the Acting Secretary or directly from Regional Care, Inc. The Independent Fiduciary may confer as appropriate with the Acting Secretary regarding any analysis the Acting Secretary may have performed that would be helpful to the Independent Fiduciary's determination of the Settlement Amount allocation, to the extent consistent with the Independent Fiduciary's responsibility and authority. The Independent Fiduciary shall have the authority to conduct any accounting or analysis necessary to determine the proper allocation.

18. The Independent Fiduciary shall have responsibility and authority to receive, hold, maintain, and distribute the Settlement Amount and potential Contingent Recovery Amount for the benefit of the Settlement Beneficiaries who are entitled to receive such assets, as determined by the Independent Fiduciary, until such time that the Settlement Amount and potential Contingent Recovery Amount is fully distributed to the Identified Settlement Beneficiaries. The Independent Fiduciary shall maintain the assets in a segregated bank account or subaccount and ensure access and control are appropriately limited and secured.

19. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each Settlement Beneficiary and to disburse each payment due to each Identified Settlement Beneficiary or, as applicable, to the unclaimed property fund of the state of the Identified Settlement Beneficiary's last known address, including, without limitation, by following the guidance in EBSA's Field Assistance Bulletins Nos. 2021-01 and 2025-01.

20. The Independent Fiduciary shall have full access to all data, information and calculations in Defendants' possession or under their control bearing on transactions made involving the assets of Participating Plans, fees paid to Defendants, and Participating Plan account balances and assets. Defendants shall cooperate fully with the Independent Fiduciary

8

Docusign Envelope ID: 56EB91CF-B761-8D57-83B8-F422582BD1D8

and provide the Independent Fiduciary with all access and information authorized under this Consent Order and Judgment and shall use their best reasonable efforts to ensure that anyone acting on their behalf, including any third party with a legal or contractual obligation to cooperate, does the same. The Independent Fiduciary may request relevant data, information or calculations from the Acting Secretary or any third party regarding this matter, and the Acting Secretary is authorized to provide such relevant data, information, or calculations to the Independent Fiduciary to the extent permitted by applicable law. The Independent Fiduciary agrees to be bound by the terms of the protective order, ECF No. 43, and shall treat all data, information, or calculations provided by the Acting Secretary or Defendants as though they were designated "CONFIDENTIAL" under the protective order.

21. The Independent Fiduciary may retain such persons and firms, including but not limited to accountants and attorneys, as may be reasonably required to perform its duties hereunder.

22. Defendants, at their sole expense, shall pay all fees, compensation, and expenses due to the Independent Fiduciary for the services performed pursuant to this Consent Order and Judgment up to $50,000. Defendants' obligation to pay the fees, compensation, and expenses of the Independent Fiduciary, including any persons or firms retained by the Independent Fiduciary, will not exceed $50,000. Within ten days of entry of this Consent Order and Judgment, Defendants shall pay $50,000 as a retainer to the Independent Fiduciary. The Independent Fiduciary shall invoice all reasonable fees, compensation, and expenses to Defendants monthly, with a copy to the Acting Secretary, care of the Regional Director of the Employee Benefits Security Administration ("EBSA") (230 South Dearborn Street, Suite 2160, Chicago, Illinois 60604), showing all amounts drawn from the retainer. If any portion of the retainer is unspent

Docusign Envelope ID: 56EB91C5-B761-8D57-83B8-5422582BD1D8

upon the Independent Fiduciary's termination pursuant to Paragraph 26, the Independent Fiduciary shall return any remaining amounts of the retainer to Defendants. To the extent the total fees and compensation exceed $50,000, the Independent Fiduciary is authorized to deduct the amount exceeding $50,000 from the Settlement Amount and Contingent Recovery Amount but shall continue to provide monthly invoices to Defendants and the Acting Secretary disclosing all fees and compensation. If the retainer is exhausted, the Independent Fiduciary is authorized to: (1) make a reasonable estimate of the remaining fees, compensation, and expenses likely to be incurred during the remaining term of this Consent Order and Judgment; (2) hold that amount in reserve ("Reserve"); (3) distribute the rest of the Settlement Amount; and (4) pay all reasonable fees, compensation, and expenses out of the Reserve.

23. If notwithstanding the Independent Fiduciary's exercise of reasonable care and diligence a portion of the Settlement Amount or Contingent Recovery Amount has not been disbursed following the distribution of assets to the Identified Settlement Beneficiaries pursuant to Paragraphs 17 through 19, or within three years of the entry of this Consent Order and Judgment, or if any portion of the Reserve set aside under Paragraph 22 remains unspent at the conclusion of the term of this Consent Order and Judgment, the Independent Fiduciary shall notify the Court and the parties of the remaining balance. Within 30 days of such notification, the parties shall meet and confer in good faith to determine the proper disposition of the remaining balance. If the parties are unable agree to the disposition of any remaining balance, they shall request a hearing with the Court. The Court shall retain jurisdiction to hear and decide any dispute relating to the proper distribution of any remaining balance, provided, however, that any such remaining balance will not be paid to Defendants.

24. Within 30 days of the distribution of all assets for which the Independent

Docusign Envelope ID: 56EB91C5-B761-8D57-83B8-5422582BD1D8

Fiduciary has authority and responsibility under this Consent Order and Judgment, but no later than 36 months after the entry of this Consent Order and Judgment, the Independent Fiduciary shall provide Defendants and the Regional Director of the Employee Benefits Security Administration ("EBSA") (230 South Dearborn Street, Suite 2160, Chicago, Illinois 60604), with written documentation showing proof of all such distributions having been made and payments successfully settled, including, without limitation, account statements, proof of cleared checks, or confirmation of wire or ACH transfers.

25.     Annually for three years, beginning one year after its appointment, the Independent Fiduciary shall file a report with the Court and provide a copy to Defendants and EBSA regarding (a) its monitoring of Apex's compliance with Paragraphs 12 and 15 of this Consent Order and Judgment, based on a review of a reasonable sample of Participating Plan documents and disclosures; (b) its identification of Settlement Beneficiaries, including the TPA(s) associated with each Identified Settlement Beneficiary; and (c) the status of distributions of the Settlement Amount and, if applicable, the Contingent Recovery Amount.

26.     The Independent Fiduciary's appointment shall terminate upon the first to occur of: (a) removal by the Court; (b) its resignation after finding an acceptable replacement, agreed to by all parties and the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement appointed; or (c) three years after the entry of this Consent Order and Judgment.

27.     Defendants have provided a proposed written notice regarding the Acting Secretary's litigation and the terms of the Consent Order to be provided to the plan sponsors of the Participating Plans that requests sponsors' cooperation with the Independent Fiduciary. The Acting Secretary has reviewed and does not object to the notice. The notice contains a URL at

which a complete copy of this Consent Order and Judgment is available. At their sole expense, Defendants shall make the Consent Order and Judgment available at that URL without interruption for at least three years after the entry of this Consent Order and Judgment. Within 14 days of entry of this Consent Order and Judgment, Defendants shall mail the notice to the last known address for all current and former plan sponsors of Participating Plans. Defendants shall provide written proof to EBSA's Regional Director (230 South Dearborn, Room 2160, Chicago, Illinois 60604) of all mailed notices.

OTHER REPRESENTATIONS

28.     Defendants represent that they have reviewed and reduced Apex's fees in consideration of the Acting Secretary's agreement to resolve Count III of the Complaint, and that Defendants believe Apex's fees are reasonable.  The Acting Secretary's agreement to this Consent Order and Judgment is in express reliance on Defendants' representation. This provision is intended only to acknowledge Defendants' representations during the negotiation of this agreement and represents neither the Acting Secretary's determination that Apex's fees are reasonable under ERISA nor the Acting Secretary's endorsement of the modified fees. Subject to the Acting Secretary's release provided in Paragraph 30, nothing herein shall prohibit the Acting Secretary or any other party from investigating or asserting any claim against Defendants or other service providers arising from alleged ERISA violations, nor prohibit Defendants from asserting any defenses to such claims, including those defenses asserted in Defendants' motion to dismiss Count III.  Furthermore, nothing herein shall prohibit Apex from adjusting its fees in the future, provided that such adjustments comply with ERISA, are expressly agreed to by the Participating Plans or plan sponsors, and do not occur until the later of (a) one year after entry of this Consent Order and Judgment or (b) such time as permitted under any contractual agreements

12

with Participating Plans or plan sponsors.

29.     Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with all stages of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

30.     Upon completion of Defendants' obligations under this Consent Order and Judgment, the Acting Secretary expressly waives, releases, and forever discharges all claims, monetary or equitable, asserted or unasserted, or any claims that could have been asserted, with respect to the claims asserted against Defendants in this action or arising out of the Employee Benefits Security Administration's related investigation, EBSA Case No. 50-034339, covering the period February 22, 2018, to May 3, 2024. Nothing in this Consent Order and Judgment shall be deemed to waive any claim relating to a breach of the obligations and injunctions set forth in this Consent Order and Judgment, nor shall it waive the ERISA § 502(l) penalty as agreed to in Paragraphs 8 and 9. The Acting Secretary expressly preserves any claims that she may have against any other person or entity other than Defendants.

31.     Defendants each expressly waive, release and forever discharge any and all claims that they have or may have against the Acting Secretary, or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation and litigation of this case and the settlement relating thereto, including without limitation any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 (1980), reenacted at Pub. Law No. 99-80 (1985) and amended at Pub. Law No. 104-121 (1996)), which they have or may have against the Acting Secretary or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation or litigation of

13

this case and the settlement relating thereto.

32.      Nothing in this Order is binding on any government agency other than the United States Department of Labor, Employee Benefits Security Administration.

33.      The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

34.      This Consent Order and Judgment represents the complete agreement between the parties with respect to this action and supersedes all prior representations, agreements, and understandings.

35.      The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof as a Final Order and Judgment.

DATED: _____ April 28, 2026

_____
Virginia M. Kendall
Chief Judge U.S. District Court

14

The parties hereby consent to the entry of this consent order and judgment:

**FOR THE ACTING SECRETARY OF LABOR:**

JONATHAN BERRY
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

Benjamin R. Salk
Senior Trial Attorney
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Ste. 844
Chicago, IL 60604
(312) 353-2354
salk.benjamin.r@dol.gov

*Attorneys for the Acting Secretary of Labor*

[continued on next page]

**FOR THE DEFENDANTS:**

APEX MANAGEMENT GROUP I, INC.

By _Jeffrey Bemoras_

Its _Managing Principal_

JEFFERY BEMORAS

_Jeffrey Bemoras_

Jeffery Bemoras

D. Andrew Portinga
Brett Swearingen
Miller Johnson
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
portingaa@millerjohnson.com
swearingenb@millerjohnson.com

*Attorneys for Defendants*

**FOR THE INDEPENDENT FIDUCIARY:**

WILLIAM KROPKOF

_William J Kropkof_

William Kropkof
President
ERISA Advisory Group
9506 Winding Ridge Drive
Dallas, TX 75238
(702) 990-1263
bill@erisaadvisorygroup.com